1 | BOWMAN AND BROOKE LLP
2 | Brian Takahashi (SBN: 146505)
  | Richard L. Stuhlbarg (SBN: 180631)
3 | Corinne D. Orquiola (SBN: 226969)
  | Stephen K. Cho (SBN: 297347)
4 | 970 West 190th Street, Suite 700
  | Torrance, California 90502
5 | Tel No:  310/ 768-3068
  | Fax No:  310/ 719-1019

6 | Attorneys for Defendant
7 | BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FARZAD ARDESTANI;<br><br>    Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.:  8:17-cv-721<br><br>**(Removed from Orange County Superior Court Case No. 30-2017-00908595-CU-BE-CJC)**<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 (DIVERSITY JURISDICTION); DECLARATION OF STEPHEN K. CHO**<br><br>Trial:     None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant BMW of North America, LLC ("BMW NA") hereby removes this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1441, based upon diversity jurisdiction as defined by 28 U.S.C. section 1332.

The basis for removal is as follows:

1.  On March 14, 2017, Plaintiff Farzad Ardestani commenced this action in the Orange County Superior Court entitled as follows: *Farzad Ardestani v. BMW of North America, LLC*, Case No. 30-2017-00908595-CU-BE-CJC

alleging causes of action relating to the lease of a 2016 BMW M4 Coupe, VIN WBS3R9C58GK338834.  The Complaint alleges causes of action for Violation of the Song Beverly Consumer Warranty Act and Breach of Express Warranty.

  2. BMW NA is the only named defendant in this action.

  3. BMW NA was served with a copy of plaintiff's Summons and Complaint on March 20, 2017, through its designated agent for service of process, CT Corporation System.  (Declaration of Stephen K. Cho ("Cho Decl."), ¶ 2; Exh. "A"). It was on that date that BMW NA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. (Cho Decl., ¶2; Exh. "A"). BMW NA filed its answer in state court on April 18, 2017. (Cho Decl., ¶5; Exh. "B").  Accordingly, this Notice of removal is timely filed.  No further proceedings have been had in the state court action.

  4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one which may be removed to this Court by defendant BMW NA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

  5. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ." (*See* 28 U.S.C. §1446(a).)

  6. No previous application has been made for the relief requested herein.

  7. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of removal is being served upon counsel for plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441**

    A. **Diversity of Citizenship Exists**

8. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332(c)(1).)

9. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. (*Strotek Corporation v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).) A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable…" (28 U.S.C. §1446(b)(3).)

10. Plaintiff Farzad Ardestani, at the time this action was commenced, was and still is domiciled in Los Angeles County, California, as established by: (1) Plaintiff's Complaint, (2) the home address on the lease agreement for the Subject Vehicle, (3) the home address on the repair orders for the Subject Vehicle, and (4) the home address provided by Plaintiff to BMW NA's customer service department. (*See* Cho Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶1; Cho Decl., ¶4; Exh. C, purchase agreement; Cho Decl., ¶5; Exh. D relevant portions of repair

orders for the Subject Vehicle; and Exh. E relevant portions of service request details for the Subject Vehicle.)

11. Defendant BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Cho Decl., ¶6.) The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Cho Decl., ¶6.)

12. Complete diversity exists as of the time the action was commenced in state court and at the time of removal, and there are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

### B. The Amount in Controversy Requirement Is Satisfied

13. The amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, for the following reasons:

(i) The action arises out of plaintiff's lease of a 2016 BMW M4 Coupe, VIN WBS3R9C58GK338834 at a total amount payable of approximately $40,211.70. (*See* Cho Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶7.)

(ii) Plaintiff alleges he is entitled to general damages of at least $40,211.70, plus incidental and consequential damages. (*See* Cho Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶18.)

(iii) Plaintiff also alleges he is entitled to a civil penalty of at least two times the amount of his actual damages. (*See* Cho Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶19.)

14. Plaintiff's Complaint, at a minimum, seeks in excess of $75,000 in

monetary damages and civil penalties, not including other compensatory damages or attorneys' fees. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages).)

15. Based upon the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met. Defendant BMW NA therefore requests that this action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

16. This removal notice is timely filed as it is filed within 30 days after BMW NA's receipt of the Complaint, from which it could first be ascertained that the case is one which is removable, in accordance with Rule 6 of the Federal Rules of Civil Procedure. Therefore, removal of this case is proper.

17. Defendant BMW NA will promptly notify plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

DATED: April 19, 2017                           BOWMAN AND BROOKE LLP

BY: _____
Brian Takahashi
Richard L. Stuhlbarg
Corinne D. Orquiola
Stephen K. Cho
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# DECLARATION OF STEPHEN K. CHO

I, Stephen K. Cho, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District Court. I am an associate at Bowman and Brooke LLP, attorneys of record for BMW North America, LLC ("BMW NA"). This declaration is offered in support of BMW NA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. section 1332. I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto. As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2. BMW NA was served with a copy of plaintiff's Summons and Complaint on March 20, 2017, through its designated agent for service of process, CT Corporation System. It was on that date that BMW NA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. A true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and the Notice of Service of Process received by BMW NA is attached hereto as Exhibit A.

3. BMW NA filed a state court answer on April 18, 2017. A true and correct conformed copy of BMW NA's state court answer is attached hereto as Exhibit B.

4. A true and correct copy of the lease agreement for the Subject Vehicle is attached hereto as Exhibit C.

5. Plaintiff Farzad Ardestani, at the time this action was commenced, was and still is domiciled in Los Angeles County, California, as established by: (1) Plaintiff's Complaint, (2) the home address on the purchase agreement for the Subject Vehicle, (3) the home address on the repair orders for the Subject Vehicle,

and (4) the home address provided by Plaintiff to BMW NA's customer service department. A true and correct copy of relevant portions of the repair orders for the Subject Vehicle is attached hereto as Exhibit D. A true and correct copy of relevant portions of service request details for the Subject Vehicle is attached hereto as Exhibit E.

6. Defendant BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2017 at Torrance, California.

_____
Stephen K. Cho, Declarant

**PROOF OF SERVICE**
F.R.C.P Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

On **April 19, 2017** I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 (DIVERSITY JURISDICTION); DECLARATION OF STEPHEN K. CHO** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Hallen D. Rosner, Esq.<br>David L. Hernan, Esq.<br>ROSNER, BARRY & BABBITT, LLP<br>10085 Carroll Canyon Road, Suite 100<br>San Diego, California 92131 | **Attorneys for Plaintiff**<br><br>Tel:  858/ 348-1005<br>Fax:  858/ 348-1150<br>Email: hal@rbblawgroup.com<br>       david@rbblawgroup.com |

X  **BY MAIL (F.R.C.P. Rule 5(b)(2))**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.

☐  **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6))**: Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

☐  **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (F.R.C.P. Rule 5(b)(2))**: I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

Executed on **April 19, 2017**, at Torrance, California.

X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

*Veronica Calinao*
Veronica N. Calinao

17913662v1

8